COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jeremiah ALLEN, Appellant.

Superior Court of Pennsylvania.

Argued July 27, 2004.

Filed Aug. 23, 2004.

David M. McGlaughlin, Philadelphia, for appellant.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN, and TAMILIA, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Jeremiah Allen, appeals from the order entered on September 22, 2003, which denied Appellant's motion to dismiss the charge of aggravated indecent assault on double jeopardy grounds. We affirm.

¶ 2 The trial court summarized the facts as follows:

Appellant was tried on numerous charges relating to placing his fingers in his twelve-year-old daughter's vagina. He was found guilty of the charge *Endangering the Welfare of a Child* and guilty on the charge of *Simple Assault.* N.T. 8/14/03, 11–12. He was found not guilty on the charge of *Indecent Assault* and the jury was hopelessly deadlocked on the charge of *Aggravated Indecent Assault.*

The Commonwealth indicated after the verdict that it intended to retry Appellant on the charge of *Aggravated Indecent Assault.* N.T. 8/14/03, 18. Defense counsel indicated that he planned to motion [sic] the Court to dismiss the charge on Double Jeopardy grounds as it is a greater included offense [sic] of *Indecent Assault* for [sic] which Appellant was found not guilty. N.T. 8/14/03, 18. The Court held a hearing on Sep-

tember 22, 2003 after which we denied Appellant's motion.

Trial Court Opinion, filed 1/7/04, at 2.

¶ 3 This appeal followed.[1] Appellant raises one issue:

Did the trial court err in denying a motion to dismiss aggravated indecent assault pursuant to Pa.R.Crim.P. 648, where a prior acquittal of indecent assault operates as an acquittal of aggravated indecent assault upon retrial, and thereby violate Mr. Allen's state and federal double jeopardy rights?

Brief for Appellant at 4.

¶ 4 Initially, we note that the order appealed from—the denial of Appellant's motion to dismiss the charge of aggravated indecent assault and to prevent retrial on double jeopardy grounds—is not a final order and is thus not appealable as a matter of right. Our Supreme Court, in *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986), set forth the rationale for permitting immediate appeals from such orders.

The basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial. **Acquittal upon retrial or belated appellate recognition of a defendant's claim by reversal of a conviction can never adequately protect the defendant's rights. The defendant is deprived of his constitutional right the moment jeopardy attaches a second time. His loss is irreparable; to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time offends the double jeopardy clause.** The clause establishes the "right to be free from a second prosecution, not merely a second punishment for the same offense." *Fain v. Duff,* 488 F.2d 218, 224 (5th Cir.1973).

Without immediate appellate review, a defendant will be forced to undergo a new trial, precluding any review of his claim that he should not be tried at all. "Because of the nature of the constitutional right ... assert[ed], no post-conviction relief, either state or federal, is capable of vindicating [appellant's] interest." *United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034, 1037 (3d. Cir.1975)....

Therefore, we hold that denial of a pretrial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed twice in jeopardy may be appealed before the new trial is held.

*Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90, 104–05 (1977) (emphasis added; footnote omitted) (plurality opinion), quoted in *Brady,* 508 A.2d at 288.

¶ 5 The right to take an immediate appeal, however, is not absolute. The *Brady* court held that:

We therefore conclude that an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion.

*Brady,* 508 A.2d at 291.

¶ 6 The record reflects that the trial judge made no written finding of frivolity. Accordingly, absent such a finding, the appeal is properly before this Court. *Brady; see also,* Pa.R.A.P. 313, Note (stating

---

1. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Appellant did not file a Rule 1925(b) statement. On January 7, 2004, the trial court filed its Rule 1925(a) opinion.

that such an appeal is proper under the collateral order doctrine).

¶ 7 Appellant's single claim is his assertion that retrial would violate his double jeopardy rights. Appellant argues that a prior acquittal of indecent assault operates as an acquittal of aggravated indecent assault upon retrial because aggravated indecent assault is the greater, aggravated form of indecent assault. Brief of the Appellant at 10.

¶ 8 While Appellant's argument appears to address merger rather than double jeopardy, the operative consideration is the same. *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). There, our Supreme Court stated that "there is no difference between a double jeopardy analysis and a merger analysis: ... the operative consideration in both is whether the elements of the offenses are the same or different." *Id.* at 23. In *Commonwealth v. Duffy*, 832 A.2d 1132 (Pa.Super.2003), *appeal denied*, 577 Pa. 694, 845 A.2d 816 (2004), we addressed the principles of merger which control our review:

Our Supreme Court announced the principles of merger in *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). In *Anderson*, the Court stated:

We now hold that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses....

*Id.,* 650 A.2d at 22.

To determine whether offenses are greater and lesser included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Anderson*, 650 A.2d at 24. If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*

In addition to analyzing whether the convictions are greater and lesser included offenses, the underlying factual circumstances must also be considered. *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593, 599 (1998). If the two offenses are mutually exclusive and the same evidence could not possibly have satisfied the distinct elements of the two crimes, then this Court is not permitted to view the circumstances so broadly as to redefine the elements of each crime. *Collins*, 764 A.2d at 1059.

*Duffy*, 832 A.2d at 1137–38 (footnote omitted); *see also, Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890, 899 (2002) (plurality opinion).

¶ 9 Thus, since the convictions were based on the same facts, we must determine whether the offenses of indecent assault and aggravated indecent assault are greater and lesser-included offenses. If they are, they would merge for sentencing purposes and would also implicate double jeopardy principles. *Duffy*, 832 A.2d at 1137–38. If indecent assault and aggravated indecent assault are not greater and lesser-included offenses, they would not merge, and no double jeopardy problem would be presented. *See, Duffy*, 832 A.2d at 1137–38; *Gatling*, 807 A.2d at 899; and *Anderson*, 650 A.2d at 23–24.

¶ 10 Aggravated indecent assault is defined as penetration, however slight, of the genitals or anus of the victim with a part of the offender's body for any purpose other than good faith medical, hygienic, or law enforcement procedures if the victim is less than 13 years of age. 18 Pa.C.S.A. § 3125. Indecent assault is defined as indecent contact with the victim if the victim is less than 13 years of age. 18 Pa. C.S.A. § 3126. 18 Pa.C.S.A. § 3101 defines "indecent contact" as any touching of

the sexual or other intimate parts of the victim for the purpose of arousing or gratifying sexual desire in either person.

¶ 11 Aggravated indecent assault includes an element that is not required to commit indecent assault. That element is penetration of the genitals or anus of the victim. Indecent assault includes an element that is not required to commit aggravated indecent assault. That element is proof of arousing or gratifying sexual desire.

¶ 12 Since each crime has an additional element not included in the other crime, neither is a lesser-included offense of the other. Because the crimes are not greater and lesser-included offenses, Appellant's acquittal on charges of indecent assault and the jury's deadlock on the charge of aggravated indecent assault do not create a double jeopardy bar to retrial on the charge of aggravated indecent assault. Thus, the trial court correctly denied Appellant's motion to dismiss the aggravated indecent assault charge on double jeopardy grounds.

¶ 13 Order affirmed. Jurisdiction relinquished.