J-S18021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD JOHN MCCAUSLIN, JR. | |
| Appellant | No. 705 MDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002304-2011

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 26, 2016**

Donald John McCauslin, Jr., appeals from the order of the Court of Common Pleas of Cumberland County that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  Counsel for McCauslin has filed with this Court a **_Turner_/_Finley_** brief and an application to withdraw as counsel.[2]  After our review, we affirm the PCRA court's order based, in significant part, on the opinion of the Honorable Kevin A. Hess, and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_Commonwealth v. Turner_**, 544 A.2d 917 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988).

On May 2, 2012, a jury convicted McCauslin of aggravated indecent assault, indecent assault, and corruption of minors. On November 6, 2012, the court sentenced McCauslin to a term of twenty-two to forty-eight months' incarceration and ordered him to register as a sex offender.

McCauslin filed a timely appeal of his judgment of sentence, which this Court affirmed on November 19, 2013. *Commonwealth v. McCauslin*, 91 A.3d 1289 (Pa. Super. 2013) (unpublished memorandum). McCauslin filed a *pro se* PCRA petition on September 24, 2014, raising several issues including ineffective assistance of trial counsel. On October 2, 2014, the court ordered the Public Defender's Office to represent McCauslin and directed it to file an amended PCRA petition within thirty days. On December 16, 2014, Deputy Public Defender Michael Halkias filed a motion for a continuance of the PCRA hearing scheduled for January 5, 2015, and sought an extension to file an amended PCRA petition. By order dated December 22, 2015, the court rescheduled the hearing for February 5, 2015, and directed Attorney Halkias to file an amended petition by January 16, 2015.

Attorney Halkias did not file an amended petition. However, at the commencement of the February 5, 2015 hearing, counsel reviewed with McCauslin all of the issues that he raised in his *pro se* petition. Counsel also gave McCauslin the opportunity to raise additional issues, which included whether the trial court erred in failing to merge aggravated indecent assault, indecent assault, and corruption of minors for purposes of sentencing.

The Commonwealth then presented the testimony of McCauslin's trial counsel, Joseph Caraciolo, Esquire. The court filed an opinion and order denying the PCRA petition on March 30, 2015.

McCauslin filed a timely appeal raising the following issues for our review:

1.     Defense counsel was ineffective by failing to provide transcripts to [McCauslin] within a timely manner for the purposes of collateral relief.

2.     Defense counsel was ineffective by failing to properly challenge [the] trial court's order that [McCauslin] register for the remainder of his life pursuant to SORNA.

3.     Defense counsel was ineffective for not objecting to the number of charges, on the grounds that they should have been reduced to remove redundant and/or merged charges, and further objecting to the sufficiency of charges before and during trial.

4.     Defense counsel was ineffective for not properly objecting to and appealing the trial court's jury instructions.

5.     Defense counsel was ineffective for failing to interview and call witnesses on [McCauslin's] behalf.

6.     Defense counsel was ineffective on appeal because he failed to challenge the suppression of audio recordings.

7.     Defense counsel was ineffective for failing to challenge the sufficiency of the evidence in light of the numerous inconsistencies of the alleged victim.

8.     Defense counsel was ineffective by convincing McCauslin to admit to having intercourse with the victim.

9.     Defense counsel was ineffective by failing to raise evidence demonstrating that [McCauslin] had no prior convictions.

10.     Defense counsel was ineffective for failing to introduce evidence that the victim made prior allegations to CYS that were determined to be unfounded.

11. Defense counsel was ineffective for failing to introduce evidence of lack of hue and cry.

12. Defense counsel was ineffective for inadequately raising impeachment evidence which would contradict the testimony of [victim] and [victim's mother].

13. Defense counsel was ineffective for failing to object to . . . [the] testimony of Julian Darden [a friend of the victim].

14. Defense counsel was ineffective for failing to object to Commonwealth's exhibit [no.] 1. [victim's school photo from third grade].

15. Defense counsel was ineffective for failing to investigate and search the home of [victim's mother].

16. Defense counsel was ineffective for failing to interview or present Ryan Duntant [a family friend] as a witness.

17. [McCauslin's] constitutional rights were violated when the court erred in failing to maintain a full accurate record of proceedings, including voir dire, opening statements, and closing arguments.

18. The Commonwealth violated the ABA Rules of Professional Conduct by failing to correct the false testimony of a witness.

19. The Commonwealth violated the ABA Rules of Professional Conduct by prosecuting charges for which they have no probable cause.

20. [McCauslin's] sentence was illegal.

***Turner*/*Finley*** Brief, at 5-7.[3]

Our standard of review regarding a PCRA court's order is whether the

determination of the PCRA court is supported by the evidence of record and

_____

[3] The proper mechanism for withdrawal on appeal from the denial of a PCRA petition is to file a no-merit letter. Nevertheless, we will accept the brief in lieu of a letter. ***See Commonwealth v. Widgens***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for those findings in the certified record. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citing ***Commonwealth v. Smith***, 995 A.2d 1143, 1149 (Pa. 2010)).

First, we determine whether PCRA counsel has complied with the technical requirements of ***Turner***/***Finley***:

> Counsel petitioning to withdraw from PCRA representation must proceed under [***Turner***/***Finley*** and] . . . must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted). If counsel's petition and no-merit letter satisfy ***Turner***/***Finley***, we then conduct an independent review of the merits of the case. If this Court agrees with counsel that the claims are meritless, we will permit counsel to withdraw and deny relief. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citing ***Commonwealth v. Mosteller***, 633 A.2d 615, 617 (Pa. Super. 1993)).

On November 25, 2015, McCauslin's counsel, Michael Halkias, Esquire, filed with this Court a petition for leave to withdraw as counsel, averring that after numerous conversations with McCauslin, he determined that an appeal would be frivolous. Attached to the motion is a letter to McCauslin informing him of this conclusion as well as McCauslin's right to retain counsel or proceed *pro se*. Attorney Halkias also provided McCauslin with a copy of the brief, in which he set forth the issues McCauslin wished to raise. Accordingly, counsel has complied with the **Turner**/**Finley** requirements.

We have conducted an independent review of the record, and conclude that the opinion authored by President Judge Hess in support of the order denying McCauslin's PCRA petition thoroughly and comprehensively addresses Issues 1-19 raised by McCauslin on appeal.

However, we separately address McCauslin's claim that his sentence was illegal.[4] In denying relief, the PCRA court erroneously determined that the issue was not eligible for relief pursuant to section 9543 because McCauslin failed to allege an error that "was the result of a greater-than-permissible sentence." PCRA Court Opinion, 3/30/15, at 9. Instead, the PCRA court reasoned, McCauslin "provided only vague and generalized

---

[4] The fact that the trial court imposed concurrent sentences for each of the three convictions does not render the purported error harmless. Where crimes merge for the purpose of sentencing, a penalty cannot legally be imposed on the lesser-included offense. "An illegal sentence must be vacated." **Commonwealth v. Nero**, 58 A.3d 802, 806 (Pa. Super. 2012).

- 6 -

allegations of error which have no factual basis or legal reasoning." ***Id.*** Attorney Halkias adopted this flawed analysis in his ***Turner***/***Finley*** brief, noting that McCauslin's claim that "[his] sentence was illegal in that [the] charges were not properly merged . . . fail[s] to meet the requirements of 42 Pa.C.S.A. § 9543(a)(2) and therefore may not form the basis for a meritorious PCRA claim." ***Turner***/***Finley*** brief, at 19. While counsel is correct in finding that McCauslin's claim in not meritorious, his eligibility analysis is erroneous.

Section 9543 provides that in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence several facts, including, "[t]hat the conviction or sentence resulted from[:] (vii) The imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence." ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012). "It is beyond cavil that illegal sentencing claims pertaining to a sentence that exceeds the lawful maximum are cognizable under the PCRA." ***Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa. Super. 2014).

McCauslin raised the merger issue in his *pro se* PCRA petition and attempted to establish the claim at the PCRA hearing.

Section 9765 of the Sentencing Code, which governs merger of sentences, provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of the offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Here, McCauslin was convicted of aggravated indecent assault, indecent assault and corruption of minors.

Aggravated indecent assault is defined, in relevant part, as follows:

**§ 3125. Aggravated indecent assault**

(a) Offenses defined. – [A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

  (1) the person does so without the complainant's consent[.]

18 Pa.C.S. § 3125(a)(1).

Indecent assault is defined, in relevant part, as follows:

**§ 3126. Indecent assault**

(a) Offense defined. – A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purposes of arousing sexual desire in the person or the complainant and:

  (1) the person does so without the complainant's consent[.]

18 Pa.C.S. § 3126(a)(1). "Indecent contact" is defined as "[a]ny touching of the sexual or intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Corruption of minors is defined, in relevant part, as follows:

**§ 3101. Corruption of minors**

**(a) Offense defined. –**

(1)(i) [W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1)(i).

Because the element of corruption of minors includes "any act [that] corrupts or tends to corrupt" and requires neither indecent contact, sexual contact, nor lack of consent, this offense does not merge with either of the remaining convictions for purposes of sentencing. ***See e.g. Commonwealth v. Leatherby***, 116 A.3d 732 (Pa. Super. 2015) (noting that corruption of minors would not merge with indecent assault); ***Commonwealth v. Fisher***, 787 A.2d 992, 995 (Pa. Super. 2011) ("[B]y their statutory elements alone, the offense of corruption of a minor is not necessarily a lesser-included offense of indecent assault."); ***Commonwealth v. Hitchcock***, 565 A.2d 1159, 1162 (Pa. 1989) ("A corruption of minors charge, therefore, encompasses any such act, the consequences of which transcends any specific sex act and is separately

punishable."). Therefore, this aspect of MCauslin's merger claim is without merit.

We next consider McCauslin's claim that his convictions for indecent assault and aggravated indecent assault merge. In **Commonwealth v. Allen**, 856 A.2d 1251 (Pa. Super. 2014), we examined the relationship between indecent assault and aggravated indecent assault in the context of double jeopardy and determined that since each offense required an element that the other did not, neither crime could be considered a lesser-included offense. We reasoned that (1) aggravated indecent assault required penetration of the genitals or anus of the victim, an element that was not required in order to commit indecent assault; and (2) indecent assault required proof of the purpose of arousing sexual desire, which is not an element of aggravated indecent assault. **Id.** at 1254. As it relates to the instant matter, the **Allen** Court's finding that indecent assault and aggravated indecent assault were not greater-and-lesser included offenses necessitates the corresponding conclusion that the PCRA Court did not err in failing to merge those offenses for purposes of sentencing.

We affirm the PCRA court's determination that McCauslin is not entitled to relief on his merger claim, albeit for different reasons. With respect to all other issues, we affirm the order of the PCRA court based on President Judge Hess' decision. We direct the parties to attach that decision in the event of further proceedings in the matter.

Order affirmed. Application to withdraw as counsel granted.

BOWES, J., joins the memorandum.

STRASSBURGER, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

COMMONWEALTH

v.

DONALD J. McCAUSLIN, JR.

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
: CP-21-CR-2304-2011
:

## IN RE: P.C.R.A. PETITION

## BEFORE HESS, P.J.

## OPINION and ORDER

Before this Court is Petitioner's first petition for relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541 et seq. (Defendant's Motion for Post Conviction Collateral Relief, filed September 24, 2014). At trial, a jury convicted Petitioner of aggravated indecent assault, indecent assault, and corruption of minors. (In Re: Sentencing, filed November 8, 2012). On November 7, 2012, this Court sentenced Petitioner to twenty-two to forty-eight months incarceration for aggravated indecent assault, nine to twenty-four months incarceration for corruption of minors, and three to twenty-four months incarceration for indecent assault with the sentences to run concurrently. (In Re: Sentencing, filed November 8, 2012).

After post-trial motions were denied, Petitioner pursued a direct appeal to the Superior Court claiming insufficient evidence to uphold the verdict and challenging the constitutionality of life-time registration under the Sex Offender Registration and Notification Act (SORNA). The Superior Court affirmed Petitioner's conviction on November 19, 2013. Joseph Caraciolo, Esquire, represented Petitioner from the time of his arrest through the end of his direct appeal. (Notes of Testimony, In Re: PCRA Petition, February 5, 2015, 4 (hereinafter "PCRA N.T. at __")). Petitioner filed his PCRA

petition *pro se* and Michael Halkias, Esquire, was appointed to represent Petitioner at his PCRA hearing.

While there were nineteen allegations of error in Petitioner's *pro se* PCRA filing, at the PCRA hearing some of the issues were merged and new ones were raised through the course of testimony. In the end, Petitioner alleged seventeen claims of ineffective assistance of counsel and two other grounds for error. Petitioner's specific allegations are paraphrased as follows:

1. Counsel was ineffective for failing to challenge the life-time registration requirement under SORNA. (PCRA N.T. at 5-6).
2. Counsel was ineffective for failing to object and move for dismissal at the pretrial stage. (PCRA N.T. at 7).
3. Counsel was ineffective for failing to provide transcripts. (PCRA N.T. at 9).
4. Counsel was ineffective for failing to interview or impeach the victim. (PCRA N.T. at 11-12, 16, 24-25).
5. Counsel was ineffective for failing to call witnesses. (PCRA N.T. at 13).
6. Counsel was ineffective for failing to appeal the denial of the suppression of the wiretap. (PCRA N.T. at 15).
7. Counsel was ineffective for "moving for acquittal and dismissal of charges at the time of trial." (PCRA N.T. at 16-17).
8. Counsel was ineffective for waiving issues by failing to raise the issues on appeal. (PCRA N.T. at 17).
9. Counsel was ineffective by convincing Petitioner to admit to having intercourse with the victim. (PCRA N.T. at 17).
10. Counsel was ineffective for failing to inform the jury of Petitioner's clean prior record. (PCRA N.T. at 20-21).
11. Counsel was ineffective for failing to introduce to the jury victim's prior false allegations to CYS. (PCRA N.T. at 21).
12. Counsel was ineffective for failing to introduce evidence of hue and cry. (PCRA N.T. at 23).
13. Counsel was ineffective for failing to object to Julian Darden's testimony. (PCRA N.T. at 27).
14. Counsel was ineffective for failing to object to Commonwealth's Exhibit #1, an elementary school photo of the victim. (PCRA N.T. at 27).
15. Counsel was ineffective for failing to search and investigate the home of Midori Trippett, Petitioner's ex-wife. (PCRA N.T. at 28).
16. Counsel was ineffective for failing to interview or present Ryan Duntan as a witness. (PCRA N.T. at 31).
17. Counsel was ineffective for failing to provide complete transcripts of the opening statements and closing arguments. (PCRA N.T. at 32).

2

18. The Commonwealth violated the ABA Rules of Professional Conduct by failing to correct the false testimony of a witness. (PCRA N.T. at 33).
19. Petitioner believes he is incarcerated under an illegal sentence because his three convictions should have been merged for sentencing purposes. (PCRA N.T. at 35).

Petitioner was the only witness on his behalf at the PCRA hearing. The Commonwealth

called Mr. Caraciolo to testify to his recollection of the trial.

In evaluating a petitioner's PCRA petition, our Supreme Court has stated:

> To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or United States Constitution and ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Furthermore, a petitioner must establish that the claims of error raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue."

Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011) (citations omitted).

The Pennsylvania Supreme Court has adopted a 3-part test when specifically

evaluating ineffective assistance of counsel claims: "(1) the underlying legal claim has

arguable merit; (2) counsel had no reasonable basis for his or her action or inaction;

and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." Id. The

Chmiel court clarified the reasonableness standard as follows:

> With regard to the second, reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." We will conclude that counsel's chosen

3

strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued."

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (citations omitted).

Finally, the *Chmiel* court also established the burden the petitioner must meet to prove prejudice:

> To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. "We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective."

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-28 (Pa. 2011) (citations omitted).

With the Pennsylvania Supreme Court's standard in mind, a number of Petitioner's allegations of ineffective assistance of counsel can be summarily denied. Issues number 7, 8, 10, 12, and 17 are all boilerplate allegations of error. Specifically, Petitioner was unable to further clarify or articulate exactly how those errors prejudiced him, (PCRA N.T. at 16-17), or provide examples of issues which he could have raised but for Mr. Caraciolo's alleged ineffective assistance, (PCRA N.T. at 33).

Petitioner's first issue that counsel was ineffective for failing to challenge the lifetime registration requirement under SORNA fails because it has no arguable merit. Mr. Caraciolo stated that he challenged the lifetime registration requirement at sentencing and on appeal. (PCRA N.T. at 40). Further, because of Petitioner's Aggravated Indecent Assault conviction, Petitioner would be subject to the lifetime registration regardless of whether or not Petitioner was labeled a sexual violent predator. (PCRA N.T. at 40).

4

Petitioner's second claim of ineffective assistance of counsel because of a failure to seek dismissal at the pretrial stage also fails because it has no arguable merit. Mr. Caraciolo did seek a dismissal of the charges and was partially successful when the charge of rape of child was dismissed. (PCRA N.T. at 36, 41).

Petitioner's third claim of ineffective assistance of counsel for failing to provide Petitioner with transcripts fails because it has no arguable merit and is a mere boilerplate allegation of ineffective assistance. Mr. Caraciolo stated that he provided transcripts to Petitioner as they became available, provided Petitioner with multiple copies, and eventually provided Petitioner with all of the files that his office possessed related to Petitioner's case. (PCRA N.T. at 41-42). Further, Petitioner, much like in issue number 17, did not articulate a particular issue which he knew or believed might be uncovered had he been provided with the transcripts in the time and manner he wished. (PCRA N.T. at 10).

Petitioner's fourth allegation of ineffective assistance of counsel based on Mr. Caraciolo's failure to interview, cross-examine, and impeach the victim fails because it has no arguable merit. Mr. Caraciolo stated that he cross-examined the victim at the protection from abuse hearing, pretrial hearing, and at Petitioner's trial. (PCRA N.T. at 36-37). Further, Mr. Caraciolo was prepared to impeach the victim when she provided inconsistent testimony, however any inconsistencies she offered at trial were inconsequential and not material to the charges Petitioner faced. (PCRA N.T. at 42, 54).

Petitioner's fifth claim of ineffective assistance of counsel for failing to call witnesses to corroborate the theory that the allegations were fabricated fails because

5

Mr. Caraciolo had a reasonable basis for not calling the witnesses. Mr. Caraciolo stated that he interviewed the witnesses and discovered that they were unreliable or had character issues of their own which would not aid in Petitioner's defense. (PCRA N.T. at 44). Mr. Caraciolo had a reasonable basis for not putting Petitioner's proposed witnesses on the stand and allowing the witness to testify did not offer a substantially greater chance of success.

Petitioner's sixth allegation that counsel was ineffective based on Mr. Caraciolo's failure to appeal the denial of the suppression of the wiretap fails because the allegation has no merit. Moreover, Mr. Caraciolo had a reasonable basis for not appealing the portions of the wiretap that remained. Mr. Caraciolo testified that he was successful in excluding prejudicial portions of the wiretap through his motion *in limine*. (PCRA N.T. at 45). The denial of the omnibus pretrial motion did not need to be appealed after Petitioner's conviction because the motion *in limine* was successful and the remaining portion of the wiretap actually assisted Petitioner in establishing his theory that a consensual relationship existed between Petitioner and victim. (PCRA N.T. at 57).

Petitioner's ninth claim of ineffective assistance of counsel alleging that Mr. Caraciolo pressured Petitioner to admit to having intercourse with the victim fails because the claim is without arguable merit. In addition, Mr. Caraciolo had a reasonable basis for his advice. Petitioner made his own choice based on the advice of Mr. Caraciolo, not based on a command or compulsion by Mr. Caraciolo. (PCRA N.T. at 20, 45-46). Mr. Caraciolo chose what he believed to be the best option considering the statements that Petitioner had made to Mr. Caraciolo and the fact that the wiretap

6

recording was not wholly excluded. (PCRA N.T. at 45-46). Petitioner offered no evidence or testimony that there was another more viable course of action.

Petitioner's eleventh claim of ineffective assistance of counsel complaining that victim's prior false accusations to Children and Youth Services (CYS) were not introduced to the jury fails because Mr. Caraciolo had a reasonable basis for excluding that evidence. Petitioner contends that if the jury heard that the victim had made prior false allegations it would support the theory that the current allegations were fabricated as well. (PCRA N.T. at 23). There was simply no evidence that the victim had made prior allegations or that the allegations had no merit. (PCRA N.T. at 46). Additionally, Mr. Caraciolo properly concluded that any mention of prior allegations, even if proven untrue, would be damaging to Petitioner's case as it would make the jury more sympathetic to the victim. (PCRA N.T. at 47).

Petitioner's thirteenth allegation of ineffective assistance of counsel as a result of Mr. Caraciolo's failure to object to Julian Darden's testimony fails because Mr. Caraciolo had a reasonable basis for allowing Ms. Darden to testify. Ms. Darden's testimony was limited to the fact that Ms. Darden knew both the victim and Petitioner. (PCRA N.T. at 48). There was no mention in Ms. Darden's testimony that any sexual contact occurred between the victim and Petitioner. (PCRA N.T. at 48). In Mr. Caraciolo's opinion, the lack of testimony about such contact by someone who knew both of the parties actually benefitted Petitioner. (PCRA N.T. at 48).

Petitioner's fourteenth allegation of ineffective assistance of counsel based on Mr. Caraciolo's failure to object to the Commonwealth's exhibit #1, the elementary school photo of the victim fails because the allegation has no arguable merit. Petitioner

7

stated that he felt that the photo was not relevant and was prejudicial to him. (PCRA N.T. at 28). However, the Pennsylvania Supreme Court has stated that "[p]ictures of the victim are not *per se* inadmissible. [A] court must determine whether the photograph is inflammatory. If not, it may be admitted if it has relevance and can assist the jury's understanding of the facts." *Commonwealth v. Wright*, 961 A.2d 119, 138 (Pa. 2008) (determining the admissibility of photographs of a murder victim). In this case, the elementary school photograph of the victim is clearly not inflammatory, and is relevant to the jury's understanding of the age and appearance of the victim at the time the inappropriate contact allegedly began.

Also lacking in merit is Petitioner's fifteenth claim that counsel was ineffective as a result of the failure to search or otherwise investigate the home of Midori Trippett. In fact, Mr. Caraciolo raised the proposition that Ms. Trippett encouraged the victim to fabricate her story in order to achieve a financial advantage. (PCRA N.T. at 47). In this regard, Mr. Caraciolo presented evidence of the funds Ms. Trippett withdrew from Petitioner's account and the property she withheld. (PCRA N.T. at 47). Mr. Caraciolo clearly investigated the matter and attempted to present a plausible motivation for the fabrication of the allegations to the jury.

Petitioner's sixteenth, and final, claim of ineffective assistance of counsel is based on Mr. Caraciolo's failure to offer Ryan Duntan as a witness. A pretrial motion *in limine* was filed in which Mr. Duntan's testimony regarding the victim's possible pregnancy was precluded. (PCRA N.T. at 49). The introduction of the testimony would have violated the court's order. Further, Mr. Caraciolo believed that any mention that the victim was pregnant or that she had been sexually involved with other people would

8

not only violate the Rape Shield Law, but would also garner sympathy for the victim. (PCRA N.T. at 49). Therefore, Mr. Caraciolo had a reasonable basis for not calling Mr. Duntan to the stand.

As to the two remaining issues which are not directly related to ineffective assistance of counsel, Petitioner has failed to allege any error which: 1) has so undermined the truth-determining process as to constitute a violation of either the Pennsylvania or United States Constitution, 2) was the result of an unlawfully induced guilty plea, 3) was the result of obstruction by the Commonwealth, 4) was the result of newly discovered exculpatory evidence, 5) was the result of a greater-than-permissible sentence, or 6) was because the trial court lacked jurisdiction. 42 Pa.C.S.A. § 9543. Instead, Petitioner provided only vague and generalized allegations of error which have no factual basis or legal reasoning.

Petitioner was originally charged with sixteen offenses and was convicted of three of them, two of which he effectively admitted. (PCRA N.T. at 50). Mr. Caraciolo ably represented Petitioner throughout the entire process. In summary, Petitioner has failed to establish any error which suggests that counsel was ineffective, nor has he established any other ground upon which he is entitled to relief under 42 Pa.C.S.A. § 9541 et seq.

## ORDER

AND NOW, this __30°__ day of March, 2015, upon consideration of Petitioner's PCRA petition and after a hearing on the matter, it is hereby ORDERED and DECREED

9

that Petitioner's PCRA Petition is **DENIED**.

BY THE COURT:

Kevin A. Hess, P.J.

10