J-A09003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIMOTHY STEDNITZ, | : | |
| | : | |
| Appellant. | : | No. 1822 EDA 2018 |

Appeal from the Judgment of Sentence Entered, January 26, 2018,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0002518-1995,
CP-46-CR-0009064-2014.

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 31, 2019**

Timothy Stednitz appeals from the judgment of sentence imposed after the trial court convicted him of multiple sex offenses.  We affirm.

The Commonwealth charged Stednitz with numerous offenses related to sexual assaults he perpetrated upon his nine-year-old daughter.  The trial court summarized the procedural history as follows:

> A stipulated bench trial was held on January 5, 2017.  The Commonwealth introduced the Complaint and [Stednitz's] Statement as stipulated evidence.  This Court found [Stednitz] guilty of two counts of Aggravated Indecent Assault of a Child, two counts of Indecent Assault of a Child, Endangering the Welfare of a Child, and Corruption of Minors.  Thereafter, the Commonwealth served notice of their intention to seek a mandatory sentence.  Counsel for [Stednitz] was subsequently unavailable due to medical issues, and new counsel for [Stednitz] was appointed.  On January 26, 2018, [Stednitz] was sentenced to a []

---

\*   Retired Senior Judge assigned to the Superior Court.

mandatory minimum second strike of 25-50 years of imprisonment on Count 16, Aggravated Indecent Assault of a Child, a concurrent 25-50 years of imprisonment on Count 17, Aggravated Indecent Assault on a Child, a concurrent 25-50 years of imprisonment on Count 36, Indecent Assault of a Child, a concurrent 25-50 years of imprisonment on Count 37, Indecent Assault of a Child, a consecutive 3½ to 7 years of imprisonment on Count 41 Endangering the Welfare of a Child, and a concurrent 25-50 years of imprisonment on Count 42, Corruption of Minors.

Post-Sentence Motions were filed on February 2, 2018, and denied [on] May 22, 2018.

Trial Court Opinion, 7/19/18, at 2-3 (citation and footnote omitted).[1] This timely appeal followed. Both Stednitz and the trial court have complied with Pa.R.A.P. 1925.

Stednitz raises the following issues:

1. Did the trial court err in imposing the mandatory minimum sentence of 25 to 50 years pursuant to 42 Pa.C.S.A. § 9718.2 when the statute requires only proof by a preponderance of the evidence at the time of sentencing and not proof beyond a reasonable doubt in violation of the 6th and 14th Amendments of the United States Constitution and Article I, sections 6 and 9 of the Pennsylvania Constitution?

2. Did the trial court err in imposing the mandatory minimum sentence of 25 to 50 years pursuant to 42

_____

[1] [Stednitz] was also sentenced on docket No. CP-46-CR-0002518 for a probation violation. That sentence was to run consecutive to the sentence imposed on docket No. CP-46-CR-0009064-2014 for a total period of incarceration of 31½-63 years. [Stednitz] does not challenge the aggregate sentence nor the probation sentence on docket No. CP-46-CR-0002518-1995 although that docket number has been included in the notice of appeal. Thus, although two docket numbers are listed, there is no violation of our Supreme Court's recent pronouncement in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

Pa.C.S.A. § 9718.2 when the element triggering the mandatory minimum sentence, Stednitz's prior conviction for an offense outlined in 42 Pa.C.S.A. § 9799.14, was not found beyond a reasonable doubt by the fact-finder at trial in violation of the 6th and 14th Amendments of the United States Constitutions and Article I, sections 6 and 9 of the Pennsylvania Constitution?

3. Did the trial court err in considering the Sexual Offender Assessment Board report as to whether Stednitz met the statutory criteria as a Sexually Violent Predator when the Commonwealth did not seek such a finding due to the unconstitutionality of that provision, as recognized in **Commonwealth v. Butler**, 173 A.2d 1212 (Pa. Super. 2017), in violation of his due process rights and right to confrontation under the 6th and 14th Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution?

**See** Stednitz's Brief at 4.[2]

Because Stednitz's first two issues concern the trial court's application of section 9718.2 of the Sentencing Code, we address them together.

Stednitz's sentencing claims, based on **Alleyne v. U.S.**, 570 U.S. 99 (2013), **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), and **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016), as well as other Pennsylvania decision invalidating Pennsylvania's mandatory minimum sentencing scheme, involve the legality of his sentences. "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of

---

[2] Stednitz also raised a sentencing merger issue, but has withdrawn it in light of **Commonwealth v. Allen**, 856 A.2d 1251 (Pa. Super. 2004). **See** Stednitz's Brief at 10.

review is plenary." ***Commonwealth v. Melvin***, 172 A.3d 14, 19 (Pa. Super.

2017), *appeal denied*, 187 A.3d 207 (Pa. 2018).

Section 9718.2(a)(1), which provides for mandatory minimum

sentences for certain sex offenders, reads, in pertinent part, as follows:

> Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9718.2(a)(1). Section 9718(c) also contains the following

"Proof at sentencing" provision, which reads, in pertinent part, as follows:

> The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be provided to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions and, if this section is applicable, shall impose sentence in accordance with this section.

42 Pa.C.S.A. § 9718.2(c).

Stednitz summarizes his constitutional challenge as follows:

Due process requires proof beyond a reasonable doubt of a prior conviction when imposing a mandatory minimum sentence within a recidivist sentencing framework. Although previous rulings pursuant to *Alleyne* and [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)] have held that recidivist-based mandatory minimum sentencing fell outside the requirements of the right to trial and right to a jury trial, those decisions focused on the fact-finding provisions where the triggering fact became an element of the offense. Regardless of the fact-finding provision, due process requires finding of the triggering fact – in this instance a prior conviction for an offense requiring registration pursuant to SORNA – beyond a reasonable doubt. The enforcement mechanism of 42 Pa.C.S.A. § 9718.2 requires only proof by a preponderance of the evidence. Thus the court imposed a mandatory minimum sentence pursuant to an unconstitutional statute.

In addition to the due process requirements, the trial court, as fact-finder, failed to find the existence of a prior conviction at trial. The failure to find this element beyond a reasonable doubt at trial precluded imposition of the mandatory minimum sentence. Due to the failure to find the prior conviction beyond a reasonable doubt, the sentencing court erred [by] imposing the mandatory minimum sentence.

Stednitz's Brief at 6.

The trial court found no merit to Stednitz's claims. The court first noted that "no Pennsylvania Court has found this mandatory minimum unconstitutional." Trial Court Opinion, 7/19/18, at 4. The Court then cites to this Court's decision in *Commonwealth v. Reid*, 117 A.3d 777, 784-85 (Pa. Super. 2015), for the proposition that "*Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of

offenses." ***Id.*** The trial court further noted that "[o]ther sentences based on prior convictions have been upheld. Trial Court Opinion, 7/19/18, at 5 (citing ***Commonwealth v. Akbar***, 91 A.3d 227, 239 n.9 (Pa. Super. 2014); ***Commonwealth v. Aponte***, 855 A.2d 800, 811-12 (Pa. 2004)).

In ***Aponte***, our Supreme Court explained why Section 780-115(a), a sentencing enhancement provided for in the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. sections 780-101, *et seq.*, did not violate the defendant's due process rights:

> [Aponte] overlooks the fact, however, that the statute at issue in this case does not provide for any fact-finding, nor does it make the increased maximum sentence contingent on any factual question that has not already been determined. The fact of a prior conviction stands alone; it does not require a presumption—it either exists as a matter of public record or it does not. [A defendant's] guilt of the prior offense has already been determined beyond a reasonable doubt, by a jury, if he chose to exercise that right, and is a straightforward issue capable of objective proof and where the risk of error was slight.
>
> ***
>
> [When] the judicial finding is the fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record.

***Aponte***, 855 A.2d at 811 (citations and footnote omitted).

Here, the trial court concluded:

> Likewise in this case, [Stednitz's] prior conviction was a matter of public record, and was "cloaked in all the constitutional safeguards" that such a conviction entails. A prior conviction does not need to be proven beyond a

> reasonable doubt to the fact finder. *See* [*Reid*, *supra*]. Thus, the mandatory minimum under which [Stednitz] was sentenced is not unconstitutional and affords [Stednitz] no relief.

Trial Court Opinion, 7/19/18, at 5. We agree.

Although *Aponte* was decided prior to the United States Supreme Court's decision in *Alleyne*, and the Pennsylvania cases which follow it, the above discussion from *Aponte* is consistent with more recent decisions from this Court as well as the Pennsylvania Supreme Court. *See*, *e.g.*, *Commonwealth v. Golson*, 189 A.3d 944, 1000-02 (Pa. Super. 2018) (upholding imposition of mandatory 25 to 50 year mandatory minimum pursuant to 42 Pa.C.S.A. § 9718.2, based upon a prior conviction); *see also Commonwealth v. Resto*, 179 A.3d 18, 21 (Pa. 2018) (explaining that "a conviction returned by a jury to which a mandatory minimum sentence directly attaches is not the same as an aggravating fact that increases a mandatory sentence. In any event, such a conviction is itself a contemporaneous jury determination, and the concern of *Alleyne* is with sentencing enhancements tied to facts to be determined by a judge at sentencing").

In sum, because the trial court in this case properly enhanced Steinitz sentences based on his prior conviction, his first two issues fail.

In his third and final issue, Stednitz asserts that the trial court erred by "imposing a sentence following the Commonwealth's argument [based] on

facts not admitted at the sentencing hearing." Stednitz's Brief at 6.[3] According to Stednitz, the trial court "improperly considered this argument and it unduly influenced the sentencing decision." *Id.* Stednitz's claim fails, as it is based on no more than speculation.

Our review of the sentencing transcript confirms that the Commonwealth did refer to the contents of the Sexual Offender Assessment Board ("SOAB") report as to whether Stednitz met the statutory criteria as a Sexually Violent Predator ("SVP") even though it did not seek such a designation in light of **Butler**, **supra**. **See**, N.T., 1/26/18, at 23-26. As explained by the trial court, however, the court did not sentence Stednitz based upon any information in the SOAB report:

> [Stednitz] alleges such consideration was unconstitutional and violated his right to confrontation. The Commonwealth revealed some conduct that the [SOAB] had discussed. In response to [defense counsel's] objection, this Court stated that, "it will go to the weight, I understand that it hasn't been charged." However, in fashioning a sentence, this Court specifically did not consider whether [Stednitz] met the criteria for [an SVP].
>
> Rather, this Court focused on the reported history of [Stednitz] from the Pre-Sentence Investigation and the victim impact in its sentencing. In this case, the Court concentrated on the severe impact these crimes had on the victim, as well as on her family. This Court also considered the failure of [Stednitz] to rehabilitate after the prior

---

[3] Arguably, Stednitz's claim involves the legality of his sentence rather than its discretionary aspects. **See generally**, **Commonwealth v. Wilson**, 11 A.3d 519, 524-25 (*en banc*), *vacated in part on other grounds*, 67 A.3d 736 (Pa. Super. 2013).

conviction. Nowhere in the record does this Court cite or mention the [SOAB report] or the information contained therein. Instead, this Court relied on information provided from the Pre-Sentence Investigation which is appropriate. Thus, as this Court did not consider the [SOAB] report as to whether [Stednitz] met the statutory criteria as [an SVP] when fashioning its sentence as [Stednitz] claims, there is no error.

Trial Court Opinion, 7/19/18, at 9 (citations omitted).

The above statements by the trial court are confirmed by our reading of its stated reasons for the sentence it imposed. *See* N.T., 1/26/18, at 37-42. Moreover, not only did the trial court not consider the SVP report in choosing its sentence but also, as Stednitz concedes, the trial court did not designate him an SVP. Stednitz's third claim therefore fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19

- 9 -